**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CIVIL ACTION NO. 1:24-CV-04140-MLB-JKL** |
| **OSMOSE UTILITIES SERVICES, INC.,** | : | |
| **Defendant.** | : | |

# CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") initiated this action pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, (the "ADA") and Title I of the Civil Rights Act of 1991 against Defendant Osmose Utilities Services, Inc. ("Osmose").

The Commission and Osmose (collectively, the "Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before the Court. The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the Parties as provided in paragraphs 1 through 20 below.

It is therefore **ORDERED, ADJUDGED, AND DECREED** as follows:

1. **No Admission of Liability**. Osmose denies any wrongdoing, and its agreement to enter into this Consent Decree shall not be construed as an admission of liability.

2. **Non-Discrimination.** Osmose shall not discriminate against any person based on a disability or perceived disability as defined by the ADA.

3. **No Retaliation.** Osmose shall not retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under the ADA.

4. **Payment.** Osmose shall pay Charging Party Decreshia Render ("Render") the total sum of $25,000.00, of which $12,500.00 shall be less applicable withholdings, which amount shall be reported by Osmose to Charging Party and taxing authorities on a Form W-2, with the remaining $12,500.00 to be reported on

a Form 1099 in settlement of the claims raised in this action. Osmose shall make payment by issuing checks payable to Decreshia Render. Payment shall be made within twenty-one (21) calendar days after the Court approves this Consent Decree, and Osmose shall mail the checks via overnight delivery to Render at an address provided by the Commission. Within twenty-one (21) calendar days of the entry of this Consent Decree by the Court, Osmose shall send to the Commission a copy of the checks and the tracking number of the envelope containing the settlement checks to Render. Neither the Commission nor Osmose makes any representation about, or assumes any responsibility for, any tax liability, assessments, interest, penalties and/or costs that Render may or may not incur on such payments under local, state, and/or federal law.

5. **Settlement Tax Reporting**. The Commission may be required to report the fact of this settlement to the Internal Revenue Service ("IRS") under Section 162(f) and 6050X of the Internal Revenue Code which allows for certain payments by employers to be deducted from the employer's taxes. If required to do so, the Commission will provide Osmose with a copy of the 1098-F form that it will provide to the IRS.

A. Within ten (10) business days of the signing of this Decree, Osmose agrees to provide the Commission (1) the Employer's EIN(s) and (2) the individual and physical address(es) to whom the Commission

should mail the copy of the Form 1098-F, if the Commission is required to issue one. Any identified individual must be an employee of Osmose.

B. The Commission has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

C. The provision of the Form 1098-F by the Commission does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

D. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission.

E. The Parties are not acting in reliance on any representation made by the Commission regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

6. **Nonpayment of Settlement Funds**. If Render does not receive the payment(s) described in paragraph 4, above, by the due date set forth therein due to a failure on the part of Osmose to properly transmit the same, Osmose shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any traditional costs caused by non-compliance or delay, including but not limited to, any and all costs arising out of efforts to enforce this Consent Decree in federal court.

7. **Elimination of Personnel Records.** Within twenty-one (21) business days of the entry of this Consent Decree by the Court, Osmose shall review its personnel files and separate any and all documents, entries, or references of any kind

relating to the filing of EEOC Charge Number 410-2020-00841, and the related events that occurred thereafter, including this litigation, to be placed in a separate file marked as confidential. Within twenty-one (21) business days of the entry of this Consent Decree by the Court, Osmose shall report compliance with this provision to the Commission.

8. **ADA Policy.** Osmose shall maintain its Equal Employment Opportunity and ADA policies which include, but are not limited to, prohibiting disability discrimination in the workplace and directing Osmose employees how to request a reasonable accommodation.

A copy of the policies will be provided to the EEOC within twenty-one (21) business days of the Court's entry of this Consent Decree.

9. **Policy Dissemination and Conspicuous Notice**. A copy of the policies described in paragraph 8 shall be included in the Osmose Employee Hadnbook. Within forty-five (45) calendar days of the entry of this Consent Decree by the Court, Osmose shall report compliance with this provision to the Commission. Osmose shall maintain an EEO Policy throughout the term of this Consent Decree.

10. **Policy Posting.** During the term of this Consent Decree, Osmose shall post a copy of the policies described in paragraph 8 above on its intranet where they are accessible to employees. Within forty-five (45) calendar days after the Consent

Decree is entered, Osmose will post the policies on its intranet and notify the Commission that it has done so.

11. **Training.** During the term of this Consent Decree, Osmose shall provide an annual mandatory training program to all human resources personnel, managers and supervisors in its Peachtree City or Newnan, Georgia[1] facilities, and to Brian Scotch, Rebecca Swaney, and employees working under the supervision of Brian Scotch and/or Rebecca Swaney (for a total of two trainings). Each training program shall include, at minimum: (a) an explanation of the policies referenced in paragraph 8 above; (b) a description of the types of conduct that constitute discrimination based on disability or perceived disability and the laws protecting employees from it; (c) an explanation of employees' ability to exercise their federally protected rights to complain about discrimination or to participate in the investigation of a complaint of discrimination; (d) an explanation of who is a qualified individual with a disability and who is an individual who could be perceived to be a person with a disability; (e) an explanation of the interactive

---

[1] During the Consent Decree period, Osmose will be transitioning operations from its Newnan, Georgia office to an office located in Peachtree City, Georgia. The office locations listed reflect this transition period. Either address may be applicable for a particular date within the Consent Decree period.

process; (f) an explanation of what reasonable accommodations are; and (g) an explanation of the process for employees to request a reasonable accommodation.

At least fifteen (15) business days prior to the training module being active, Osmose shall submit to the Commission an agenda for the training module by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Osmose should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda.

The first training program shall be completed within one hundred and twenty (120) days after entry of this Consent Decree by the Court. Within ten (10) business days after completion of the annual training program, Osmose shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance, by identifying such employees by initials or employee ID, and title.

Osmose shall incorporate into its on-boarding procedures for newly hired employees in the Newnan or Peachtree City, Georgia offices the above-described training module to be completed within the first ninety (90) days of employment.

12. **Conspicuous Notice Posting.** Within twenty-one (21) business days after the entry of this Consent Decree by the Court, Osmose shall provide written confirmation that the EEOC's Know Your Rights: Workplace Discrimination poster

is conspicuously posted in its Newnan or Peachtree City, Georgia offices, and shall conspicuously post the attached Employee Notice, marked as **Exhibit A**, and incorporated herein. If the Notice becomes defaced or unreadable, Osmose shall replace it by posting another copy of the Notice. Within twenty-one (21) business days after entry of this Consent Decree, Osmose shall notify the Commission that the Notice has been posted pursuant to this provision.

13. **Reporting.** During the term of this Consent Decree, Osmose shall provide the Commission with reports at six (6) month intervals with the first being due one hundred and twenty (120) days after approval by the Court of this Consent Decree. The reports will include the following information:

A. A certification that the Know Your Rights: Workplace Discrimination poster and the Employee Notice remain posted for the entire period as required by this Consent Decree; and

B. A report of all requests for accommodation received by Osmose from employees working under the supervision of Brian Scotch and/or Rebecca Swaney as of the date of approval by the Court of this Consent Decree, where Osmose did not provide an accommodation in response to the request. This report shall include: (i) the initials or employee ID, and title of each individual requesting the accommodation; (ii) the accommodation requested; (iii) an explanation as to why the accommodation was denied; and (iv) whether or not the employee continues to work for Osmose, including date of termination, if applicable.

In the event there is no activity to report pursuant to this paragraph, Osmose shall send the Commission a "negative" report indicating no activity.

14. **Defendant's Contact.** All notices to Osmose by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Allyson Lumpkin at alumpkin@osmose.com, Sara Brochstein at sbrochstein@osmose.com, and Debbie Ladigo at dladigo@osmose.com. If at any time during the term of this Consent Decree Osmose's designated point of contact changes, Osmose shall notify the Commission and provide contact information for a new designated point of contact within ten (10) business days of the change.

15. **Communications to EEOC.** All reports or other documents sent to the Commission by Osmose pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) by regular mail to:

Marcus G. Keegan
Regional Attorney
Equal Employment Opportunity Commission
Sam Nunn Atlanta Federal Center
100 Alabama Street, SW
Suite 4R30
Atlanta, Georgia 30303

16. **Review of Compliance.** The Commission may review compliance with this Consent Decree, with at least ten (10) calendar days' notice, after which time the Commission may inspect Osmose's Newnan or Peachtree City, Georgia

premises to review and examine documents relevant to the personnel file described in paragraph 7, the policies described in paragraph 8, the handbook described in paragraph 9, the policies posted as described in Paragraph 10, the training module as described in Paragraph 11, and the Conspicuous EEOC Notice described in Paragraph 12.

17. **Non-compliance.** If at any time during the term of this Consent Decree, the Commission believes that Osmose is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Osmose. Osmose shall have fifteen (15) business days in which to investigate and respond to the allegations. Thereafter, the Parties shall then have a period of fifteen (15) business days, or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

18. **Duration.** This Consent Decree shall be in effect for a period of two (2) years from its entry by the Court.

19. **Jurisdiction.** This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary or appropriate.

20. **Costs and Fees.** Each party shall bear its own costs and attorney’s fees.

SO ORDERED this 10th day of November, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**EMPLOYEE NOTICE**

1. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), disability, or genetic information. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the U.S. Equal Employment Opportunity Commission.

   Osmose will comply with such federal law in all respects. Osmose will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

   An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.

   To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.

Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

5. This Notice will remain posted for two (2) years. DO NOT REMOVE THIS NOTICE UNTIL: ________, 2028.